**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JOHN F. WRIGHT,**

        **Petitioner,**

v.                                                  **Civil Action No. 1:08cv122**
                                                           **(Judge Keeley)**

**HARLEY LAPPIN, et al.,**

        **Respondents.**

**OPINION/REPORT AND RECOMMENDATION**

The *pro se* petitioner initiated this case on June 9, 2008, by filing a Request for Mandamus Pursuant to 28 U.S.C. § 1361 and 28 U.S.C. § 2241. In the petition, the petitioner seeks home or halfway house confinement for 12 months under 18 U.S.C. §§ 3621(b) and 3624(c).

On June 30, 2008, the petitioner paid the required filing fee. Accordingly, on July 1, 2008, the undersigned made a preliminary review of the file, determined that summary dismissal was not warranted at that time, and directed the respondent to file an answer to the petition.

The respondent filed a Motion to Dismiss and Response to Show Cause Order on July 28, 2008. Consequently, a Roseboro Notice issued the next day.

As of this date, the petitioner has not filed a response to the respondent's motion. Thus, this case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09, et seq.

**I. Factual Background**

The petitioner is currently incarcerated at the Gilmer Federal Correctional Institution, serving

a 24 month sentence for a supervised release violation. Resp't Ex. 1. The petitioner's current projected release date is July 16, 2009. Id. However, the petitioner has a detainer lodged against him by the Commonwealth of Kentucky and another by the State of Ohio. Id. at Att. A & B. The Kentucky detainer alleges theft by deception and that the petitioner is a persistent felony offender. Id. at Att. A. The Ohio detainer alleges felony assault, receiving stolen property and the failure to report for a hearing. Id. at Att. B. Neither detainer has yet to be resolved.

## II  Historical Background

Prior to December 2002, the Bureau of Prisons ("BOP") had a policy of placing prisoners in a Community Corrections Center ("CCC" of "halfway house") for up to six months, regardless of the total length of the inmate's sentence. See BOP Program Statement 7310.04. At that time, § 3624(c) provided:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

On December 13, 2002, the Office of Legal Counsel for the Department of Justice issued a memorandum stating that, in its opinion, § 3624(c) limited an inmate's placement in a CCC to the lessor of six months or ten percent of the inmate's sentence. The BOP's adoption of this opinion prompted numerous habeas petitions which ultimately lead the Courts[1] to find the policy contrary

---

[1] See Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004); Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004); Cato V. Menifee, 2003 WL 22725524 at *4 (S.D.N.Y. Nov. 20, 2003 (collecting cases).

to the plain meaning of 18 U.S.C. § 3621(b) which states:

> The Bureau shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering -
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence -
>
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>
> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Thus, in 2005, the BOP created new regulations governing the placement of inmates in CCCs. These regulations stated that the BOP was engaging in a "categorical exercise of discretion" and choosing to "designate inmates to [CCC] confinement . . . during the last ten percent of the prison sentence being served not to exceed six months." 28 C.F.R. § 570.20-21. The new regulation expressly prohibited placement of prisoners in CCCs prior to the pre-release phase of imprisonment and provided:

> When will the **Bureau designate** inmates to **community** confinement?
>
> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the **last ten percent** of the **prison sentence** being **served**, not to exceed six months.

3

> (b) We may exceed the time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program . . . or shock incarceration program) . . .

28 C.F.R. § 570.21. (Emphasis added)

Since that time, however, Congress has passed the Second Chance Act (April 2008), which expands the maximum amount of time an inmate may reside in a CCC to 12 months. Moreover, the Act eliminates the 10% restriction on an inmate's time in the CCC. It is under this new version of §§ 3621(b) and 3624(c) that the petitioner makes his challenge.

### III.  Analysis

Pursuant to Section 10(f) of Program Statement 7310.04, <u>Community Corrections Center (CCC) Utilization and Transfer Procedures</u>, "[i]nmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement," are not ordinarily eligible to participate in CCC programs. Here, the petitioner has unresolved pending state charges that are likely to lead to further arrest, conviction or confinement. Thus, the petitioner is not eligible for 12 months halfway house placement under §§ 3621(b) and 3624(c). Accordingly, the respondent is not illegally withholding early release to the petitioner under these provisions and the petition is due to be denied.

### IV.  Recommendation

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss (dckt. 12) be **GRANTED** and the petitioner's § 2241 petition be **DENIED** and **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this Recommendation, any party may

file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: December 1, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE