IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN F. WRIGHT,

        Petitioner,

v.                        CIVIL ACTION NO. 1:08CV122
                                  (Judge Keeley)

HARLEY LAPPIN, WARDEN DEBOO,
DEPARTMENT OF JUSTICE CONTRACT
AGENCIES, and MICHAEL MUKASEY,
Attorney General,

        Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On June 9, 2008, the pro se petitioner, John Wright ("Wright"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and a request for a Writ of Mandamus pursuant to 28 U.S.C. § 1361, seeking to be placed at home or in a halfway house for last 12 months of his imprisonment. Pursuant to LR PL P 83.09, the Court referred Wright's petition to United States Magistrate Judge John S. Kaull, for an initial review and report and recommendation ("R&R").

After the Magistrate Judge determined that summary dismissal was not warranted in this case, on July 28, 2008, the respondents, Harley Lappin, Warden Deboo, the Department of Justice Contract Agencies, and Michael Mukasey (jointly "Lappin"), filed a motion to dismiss. Wright did not respond.

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

On December 1, 2008, Magistrate Judge Kaull issued a Report and Recommendation ("R&R") recommending that Lappin's motion to dismiss be granted, Wright's § 2241 petition be denied and the case be dismissed with prejudice. On December 11, 2008, Wright filed timely objections to the R&R, which the Court now reviews <u>de novo</u>.

## I. BACKGROUND

At the time he filed this case, Wright was incarcerated at FCI-Gilmer, in Glenville, West Virginia, serving a 24 month sentence for violating his supervised release. In his § 2241 petition, Wright argues that the Bureau of Prisons ("BOP") should place him at a halfway house or in home confinement for the last twelve months of his sentence pursuant to 18 U.S.C. §§ 3621(b) and 3624(c). Wright, however, currently has two outstanding detainers lodged against him for unresolved state criminal charges, one by the State of Ohio and another by the Commonwealth of Kentucky.

## II. ANALYSIS

In the R&R, Magistrate Judge Kaull reviewed the BOP policies relating to release of inmates into Community Correctional Centers ("CCC") as they near the end of their sentences. He noted that Section 10(f) of Program Statement 7310.04 of the Community Corrections Center Utilization and Transfer Procedures provides that inmates with detainers lodged against them or unresolved

pending charges from other jurisdictions are generally not eligible for release into CCC programs. He further concluded that, because Wright has two detainers lodged against him, he is not eligible for placement at a halfway house. The Magistrate Judge therefore recommended granting the motion to dismiss, denying the § 2241 petition, and dismissing the case with prejudice.

In Wright's objections, he states that he has no detainers currently lodged against him. Additionally, he notes that he is currently being held at the Greenup County Jail in Greenup, Kentucky, and that his did not receive his copy of the R&R until eight days after it was mailed. He nevertheless filed his objection in a timely manner.

Lappin responded to Wright's objection and attached a sworn declaration of Duane J. Brown ("Brown"), the Supervisory Inmate Systems Specialist at FCI-Gilmer. In that declaration, Brown states that Wright indeed has two detainers lodged against him, and that he is, in fact, currently on writ to the Commonwealth of Kentucky so that he may stand trial for the state charges there. He further confirms that the State of Ohio has issued an active warrant and active detainer on Wright.

In light of Brown's declaration, and given Wright's own admission that, despite still serving time on his federal

supervised release violation, he is currently being held at the Greenup County Jail in Greenup, Kentucky, the Court finds Wright's objection to be without merit. Moreover, Wright does not object to Magistrate Judge Kaull's legal conclusion that inmates with outstanding warrants or detainers lodged against them are not entitled to halfway house placement. Accordingly, the Court adopts the Magistrate Judge's R&R and concludes that Wright's § 2241 petition is without merit.

### III. CONCLUSION

For the reasons stated, the Court **ADOPTS** the R&R in its entirety (dkt. no. 19), **GRANTS** Lapin's Motion to Dismiss (dkt. no. 12), **DENIES** Wright's § 2241 petition and his request for a Writ of Mandamus, and **DISMISSES** the case **WITH PREJUDICE** from the Court's docket.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, by certified mail, return receipt requested.

DATED: February 4, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE